IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:13-CR-3011 |
| vs. | PRELIMINARY ORDER OF FORFEITURE |
| TROY CRAMER, | |
| Defendant. | |

This matter is before the Court on the plaintiff's Motion for Issuance of Preliminary Order of Forfeiture (filing 29). The operative indictment in this case (filing 16) charged the defendant with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. The indictment contained a forfeiture allegation seeking the forfeiture, pursuant to 21 U.S.C. § 853, of $1,348 in United States currency, on the basis that it was used to facilitate the commission of the conspiracy offense and was derived from proceeds obtained, directly or indirectly, as a result of committing the conspiracy offense. Filing 16.

The defendant has pled guilty to the crime alleged and admitted the forfeiture allegation. Filings 25 and 30. By virtue of pleading guilty to the charge and admitting the forfeiture allegation, the defendant has forfeited his interest in the property, and the plaintiff should be entitled to possession of the property pursuant to 21 U.S.C. § 853. Therefore, the plaintiff's motion for preliminary order of forfeiture is granted.

IT IS ORDERED:

1. The plaintiff's Motion for Issuance of Preliminary Order of Forfeiture (filing 29) is granted.

2. Based upon the defendant's guilty plea and admission of the forfeiture allegation of the indictment, the plaintiff is authorized to seize the $1,348 in United States currency.

3. The defendant's interest in the property is forfeited to the plaintiff for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n)(1).

4. The property is to be held by the plaintiff in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the plaintiff shall publish for at least thirty consecutive days on an official Internet government forfeiture site (www.forfeiture.gov) notice of this order, notice of publication evidencing the plaintiff's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. Such published notice shall state that the petition referred to in paragraph 5, above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property and any additional facts supporting the petitioner's claim and relief sought.

7. The plaintiff may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 24th day of June, 2013.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge