IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:13-CR-3011 |
| vs. | ORDER |
| TROY CRAMER, | |
| Defendant. | |

This matter is before the Court upon initial review of the motion to vacate under 28 U.S.C. § 2255 (filing 66) filed by the defendant. The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The defendant's motion is based upon the Supreme Court's decision in *Johnson v. United States*, in which the Court held that the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. 135 S. Ct. 2551, 2563 (2015). The defendant alleges that he was sentenced in part based upon the effectively-identical language of U.S.S.G. § 4B1.2(a)(2), and that he must be resentenced because the sentencing guideline is, likewise, unconstitutionally vague. *See* filing 66.

Courts have reached differing conclusions regarding the applicability of *Johnson* to § 4B1.2(a)(2). *Compare United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2015) *with United States v. Madrid*, No. 14-2159, 2015 WL 6647060, at *3-5 (10th Cir. Nov. 2, 2015); *cf. United States v. Wivell*, 893 F.2d 156, 159-160 (8th Cir. 1990). But the Eighth Circuit's position is unclear. *See United States v. Taylor*, 803 F.3d 931, 932-33 (8th Cir. 2015). Similarly, courts have reached differing opinions with respect to whether *Johnson*

applies retroactively on collateral review. *Compare In re Williams*, No. 15-30731, 2015 WL 7074261, at *2-3 (5th Cir. Nov. 12, 2015), *In re Gieswein*, 802 F.3d 1143, 1146-49 (10th Cir. 2015), *and In re Rivero*, 797 F.3d 986, 989-92 (11th Cir. 2015), *with Price v. United States*, 795 F.3d 731, 733-35 (7th Cir. 2015). The Eighth Circuit's position is, again, unclear. *See Woods v. United States*, No. 15-3531, 2015 WL 7351939, at *1-2 (8th Cir. Nov. 20, 2015) (permitting successive § 2255 motion based on government's concession of retroactivity for purposes of establishing movant's prima facie case, but noting circuit split on question).

Based on those unsettled legal questions, the Court cannot definitively say that the defendant is not entitled to relief. The Court will, therefore, direct the United States attorney to respond to the defendant's motion, addressing the issues set forth above as well as any other arguments that the government believes to be relevant to the Court's disposition of this motion.

IT IS ORDERED:

1. The United States attorney shall respond to the defendant's motion on or before December 30, 2015.

2. The defendant may reply in support of his motion on or before January 11, 2016.

Dated this 30th day of November, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge